**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

TRACY D. FERREN, )
 )
       Plaintiff, )
 )
v. ) Case No. 19-2371-CM-JPO
 )
WESTMED, INC., an Arizona )
Corporation, and )
ROBERT J. MCKINNON, )
 )
       Defendants. )
 )

## MEMORANDUM AND ORDER

Plaintiff Tracy D. Ferren has filed a five-count complaint against his current employer, defendant Westmed, Inc., and its president, defendant Robert J. McKinnon. (Doc. 1.) Plaintiff was hired by McKinnon in 2016 to serve as the National Sales Manager for Westmed, a medical device manufacturer and vendor. In his complaint, plaintiff alleges that defendants retaliated against him unlawfully after he notified the Westmed board of directors about product quality issues and regulatory violations in 2018. The alleged retaliation took the form of demoting plaintiff in the company's supervisory chain and otherwise side-lining him by excluding him from important meetings and telephone calls, as well as assigning him unattainable goals as a condition of his continued employment. Plaintiff also alleges that defendants breached the contract pursuant to which he was hired, and negligently and fraudulently misrepresented the terms of his compensation. Plaintiff lives in Johnson County, Kansas, while Westmed is based in Arizona, and McKinnon lives in Colorado.

Defendants have filed a motion to dismiss (Doc. 4), arguing that the complaint must be dismissed because this court lacks personal jurisdiction over them and because plaintiff has failed to

state a claim for which relief may be granted. Fed. R. Civ. P. 12(b)(2), (b)(6). Alternatively, defendants request that, if the suit goes forward, venue be transferred to either Arizona or Colorado. Fed. R. Civ. P. 12(b)(3). Because the issue of the court's exercise of personal jurisdiction over a defendant is a threshold issue with constitutional implications, it is appropriate to address this issue first. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985). The court concurs with defendants that its jurisdictional reach is exceeded in the present matter.

It is the plaintiff's burden to establish that the court's exercise of personal jurisdiction over each defendant is proper. *Newsome v. Gallacher*, 722 F.3d 1257, 1266 (10th Cir. 2013); *OMI Holdings, Inc., v. Royals Ins. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 2005). In ruling on a motion to dismiss and determining whether the plaintiff has fulfilled this burden, the court assumes the allegations in the complaint are true to the extent they are not controverted, and resolves all factual disputes in the plaintiff's favor. *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011). When the jurisdictional issue is raised early in the litigation and there is no evidentiary hearing, the plaintiff may defeat the motion to dismiss with a prima facie showing (accompanied by an affidavit or other materials, if necessary) that personal jurisdiction exists by providing factual allegations that, if true, would support jurisdiction. *Id.*; *OMI Holdings*, 149 F.3d at 1091. In order to overcome the prima facie showing, the defendant "must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'" *Id.* (quoting *Burger King Corp.*, 471 U.S. at 477).

In the case before the bench, the plaintiff has not included any allegations pertinent to the jurisdictional inquiry in the complaint, apart from the statements identifying the parties' domiciles: Kansas, Arizona, and Colorado. However, in response to defendants' motion to dismiss, plaintiff has submitted a memorandum (Doc. 9) and an affidavit (Doc. 9-1) with the following additional

allegations. Plaintiff has an office in Lenexa, Kansas, where he performs 40% of his duties. Defendants were aware that he resided and maintained an office in Kansas when they hired him, and knew that he intended to remain there. When plaintiff is not in his office, he is on the road, meeting with customers and Westmed employees across the country. His payroll check stubs are sent to his office after Westmed deposits his pay directly into his Kansas bank account, having deducted his Kansas withholding tax. Plaintiff uses a Kansas cell phone number to conduct his business, and a Kansas-registered vehicle. His Kansas office address is listed on Westmed's sales roster, and he receives sample products for testing at the Kansas office. In addition, he has met with Westmed employees in Kansas "numerous" times, including in 2019 on September 25, September 30 and October 1. (Doc. 9-1, at ¶ 21.)

While not disputing plaintiff's allegations, defendants supplement the story with more of their own. In their memorandum supporting their motion (Doc. 5), defendants allege that McKinnon resides in Denver and has not been to Kansas for any business purpose since 2016. Westmed maintains its office in Tucson; it has 150 employees in Arizona and six in Colorado. Westmed has no office in Kansas, and, other than plaintiff, it has no employees in Kansas. It does not solicit business in Kansas; it does not advertise in Kansas or conduct any business activities there, is not registered to do business there, does not maintain a bank account there, does not file a state tax return, does not recruit employees there, and it doesn't possess any real or personal property, licenses or other registrations there. Westmed does business nationally and a small amount of that business does occur in Kansas – less than a hundredth of a percent of its overall sales from January 2017 through August 2019.[1] Further, according to defendants, plaintiff was already living in Kansas when he was hired; he was not assigned there by Westmed, nor does he serve as a Kansas representative for the company.

---

[1] According to plaintiff, Westmed used to do more business in Kansas, but lost an account there in 2016. (Doc. 9-1, at ¶ 22.)

-3-

Defendants have submitted a copy of Westmed's offer letter to plaintiff, attached to an affidavit from McKinnon. (Doc. 11.) The offer letter states: "This position will require travel, most likely 3 days per week to cover the field requirements." (Doc. 11-1.) Defendants also allege that, of the events outlined in plaintiff's complaint, from the negotiation of the terms of his employment when he was hired, to the assignment of additional work goals and his exclusion from meetings and conference calls, none took place in Kansas.

Where, as here, the court's subject matter jurisdiction is based on diversity of citizenship, personal jurisdiction is established by the law of the forum state; in this case, Kansas. *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011); Fed. R. Civ. P. 4(e). Kansas's long-arm statute, Kan. Stat. Ann. § 60-308(b), extends the reach of Kansas courts to the full extent permitted by the due process clause of the federal constitution. *Marcus Food*, 671 F.3d at 1166. Consequently, the court may skip the state statutory analysis and proceed directly to a determination of whether the court's exercise of jurisdiction comports with the principles of due process. *Id.* To avoid the prospect of making an individual subject "to the binding judgment of a forum with which he has established no meaningful 'contacts, ties or relations,'" the Supreme Court has instructed courts to identify at least minimum contacts between the defendants and the forum state. *Burger King*, 471 U.S. at 471–72 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). If minimum contacts are demonstrated, then the court must ensure "that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 325 U.S. at 316 (internal quotations omitted). Jurisdiction may be general, that is, where a defendant has "continuous and general business contacts" with the forum; or it may be specific, meaning that the defendant has purposefully directed his or her activities at the forum state and the lawsuit arises from those activities. *OMI Holdings*, 149 F.3d at

1091.  In this case, plaintiff argues that he has demonstrated that both defendants have general and specific contacts with Kansas sufficient to support the court's exercise of personal jurisdiction.

To establish that the court's exercise of general personal jurisdiction is proper, a plaintiff must show that defendants' contacts with Kansas are "so continuous and systematic as to render them essentially at home" there.  *Heffington v. Puleo*, 753 F. App'x 572, 576 (10th Cir. 2018) (citing *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011)).  General personal jurisdiction isn't necessarily connected to the defendants' activities leading to the lawsuit, but instead arises from "a defendant's general business contacts with the forum state."  *OMI Holdings*, 149 F.3d at 1091.  "A court with general jurisdiction may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different State."  *Bristol-Meyers Squibb Co. v. Superior Ct. of Cal, San Fran. Cty.*, __ U.S. __, 137 S. Ct. 1773, 1780 (2017).  However, the analysis of the contacts required to support the court's exercise of general personal jurisdiction is "more stringent."  *OMI Holdings*, 149 F.3d at 1091; *see Morrison Co., Inc. v. WCCO Belting, Inc.*, 35 F. Supp. 2d 1293, 1295 (D. Kan. 1999) (cataloguing factors).  In this case, plaintiff is unable to demonstrate that either Westmed or McKinnon has maintained continuous or systematic contact with Kansas.  Westmed maintains no presence here, and its business here is negligible.  For his part, McKinnon alleges that he has not been to Kansas for any business purpose since plaintiff was hired.  The court holds that plaintiff has not made a prima facie showing sufficient to support the court's exercise of general personal jurisdiction over defendants.

For the exercise of specific personal jurisdiction, the plaintiff must show that the defendants "purposefully directed" their activities to Kansas, and that plaintiff's claims arise out of those activities.  *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 904 (10th Cir. 2017).  The contacts cannot be attenuated or random; they must be deliberate; and they may not result from "the

unilateral activity of another party." *Id.* (quoting *Burger King*, 471 U.S. at 475). "[T]he relationship must arise out of contacts that the 'defendant *himself*' creates with the forum state." *Walden v. Fiore*, 577 U.S. 277, 284 (2014) (quoting *Burger King*, 471 U.S. at 475) (emphasis in original). The relevant contacts are those between the defendant and the forum, not between the parties. *Id.* at 285.

Plaintiff argues that defendants purposely directed their activities to Kansas when they hired him, and that the lawsuit results from their alleged wrongful conduct in connection with his employment. However, the allegations do not support a finding of purposeful direction. Defendants do not dispute that they were aware that plaintiff resided in Kansas when they hired him, but there are no allegations that show that they were seeking to hire a Kansas-based sales representative, that they wanted to promote their business interests in the state, or even that they thought that Kansas would be a central location from which plaintiff could cover a regional territory. Indeed, when defendants hired plaintiff, they made it clear that they anticipated that he would spend the majority of his work-week travelling outside of Kansas. Plaintiff's position is national sales manager, and his residence in Kansas is random and not an indication of defendants' purposeful conduct. Hypothetically speaking, and based upon plausible inferences derived from the parties' allegations, it seems equally likely that plaintiff could have been hired for the position regardless of where he lived, and that a subsequent decision to relocate to another state would have had no bearing on his employment. Assuming the court's hypothetical is correct – and there are no allegations that permit a contrary inference – then the plaintiff's decisions to rent office space in Kansas, maintain his bank account there, register his car there and use a Kansas cell phone number, all represent his own unilateral activity within the forum state and have no bearing on defendants' contacts. Plaintiff's office space and car registration, etc., serve only to demonstrate his *own* contacts with the forum, but fail to demonstrate the requisite nexus

between defendants and the forum. Consequently, based on plaintiff's allegations, the court does not exercise specific personal jurisdiction over the defendants.[2]

The court finds that plaintiff has failed to make a prima facie showing sufficient to support the court's exercise of general or specific personal jurisdiction over defendants. The court may cure jurisdictional defects, on its own initiative, by transferring the suit to the appropriate forum, pursuant to the federal transfer statute, 28 U.S.C. § 1631, if the court determines that it is in the interest of justice to do so. *Trujillo v. Williams*, 465 F.3d 1210, 1222–23 (10th Cir. 2006). Accordingly, the court transfers this matter to the United States District Court for the District of Arizona, where defendant Westmed is based.

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss brought by defendants Westmed, Inc., and Robert J. McKinnon is granted, only to the extent that the case will be transferred to a proper venue, based on this court's lack of personal jurisdiction over defendants. (Doc. 4.) The portion of defendants' motion to dismiss the complaint for its failure to state a claim, under Fed. R. Civ. P. 12(b)(6), is passed with no ruling.

The Clerk of Court is directed to take the necessary steps to transfer this action to the District of Arizona.

Dated this 23rd day of December, 2019, at Kansas City, Kansas.

        **s/ Carlos Murguia**
        **CARLOS MURGUIA**
        **United States District Judge**

---

[2] Plaintiff's argument relies for support upon the court's exercise of specific personal jurisdiction over certain Massachusetts defendants in *Black & Veatch Const. v. ABB Power Generation*, 123 F. Supp. 2d 569, 574–76 (D. Kan. 2000). The presence of multiple and significant contacts between the defendants and the forum render that case distinguishable.